UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE L. G.,<br><br>               Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. C22-5184 RSM<br><br>**ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of her application for Period of Disability and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her symptom testimony, lay witness testimony, and the medical opinions of Dr. Elinor Jordan, Dr. Edward Case, and Dr. John Robinson. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 36 years old, has at least a high school education, and has no past relevant work. Administrative Record ("AR") 25. On December 16, 2017, Plaintiff applied for benefits, alleging disability as of November 30, 2017. AR 60, 72. Plaintiff's applications were denied initially and on reconsideration. AR 69, 82. After the ALJ conducted a hearing on December 16, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 15–27.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A. Plaintiff's Testimony

Plaintiff testified she is unable to work primarily because of her depression, which fluctuates "multiple times throughout the year." AR 40–41. Plaintiff testified that due to her depression, she sometimes cannot perform household chores, take care of her child, do anything outside the house, or eat. AR 41, 45, 52–53.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

In this case, the ALJ reasonably rejected Plaintiff's testimony due to its inconsistency with the objective medical evidence showing largely normal mental status examinations and her symptoms well managed with medication. AR 22–23, 423–46, 455–502. For example, though Dr. Case found Plaintiff to have an anxious affect, she was also often found to have normal appetite and energy, alert and oriented, with intact memory, cognitive processing, and normal

attention and concentration.[1]  Dr. Case also often assessed Plaintiff's mental impairments as "improving" or "unchanged," and noted that she would have "some" or "fair" responses to her medication.[2]  There were appointments when Dr. Case wrote Plaintiff was "overall doing well" or "doing better." AR 443, 457.  In the instances where Plaintiff's condition was noted to have worsened, change in her medication dosage was often the reason.  For example, in a June 2020 appointment, Dr. Case assessed Plaintiff was "[m]ildly worse than previous visit," but also noted Plaintiff "had a lot of withdrawal issues" and "is frequently changing doses of her medication." AR 495.  Similarly, in a November 2020 appointment, Dr. Case assessed Plaintiff was "Moderately worse than previous visit," but also noted Plaintiff had reduced her medication on her own, that she is "worse" when she is on less medication, and that Plaintiff needs to maintain her medication and stay with her treatment.  AR 500–01.  Considering Plaintiff's treatment records consistently showed largely normal mental status exam findings and Plaintiff's own changes in her medication dosage—rather than at the instruction of Dr. Case—worsened her symptoms, the ALJ could reasonably find Plaintiff's testimony as to the severity and intensity of her symptoms inconsistent with the objective medical evidence.  Accordingly, the Court finds the ALJ did not err in rejecting Plaintiff's symptom testimony.

**B.   Lay Witness Testimony**

In a function report, Plaintiff's mother wrote that Plaintiff is able to perform her chores at home, but does not leave the house, has a hard time making decisions, and is unable to focus on and complete complex tasks.  *See* AR 273–80

Plaintiff contends the ALJ failed to properly evaluate the testimony, presumably because

---

[1] AR 426–27, 429–30, 432–33, 435–36, 438–39, 441–42, 444–45, 455–56, 464–65, 467–68, 476–77, 479–80, 485–86, 491–92, 494–502.
[2] *See* 428, 431, 434, 437, 440, 443, 446, 457, 460, 463, 466, 469, 472, 475, 478, 481, 484, 487, 490, 493.

the ALJ did not explicitly accept or reject the testimony, only stating that it was "supportive of the residual functional capacity." *See* Dkt. 9, at 7–8; AR 24.  In contrast, the Commissioner argues that the new regulations "do not include any articulation requirement for nonmedical source statement." *See* Dkt. 10 at 13 (citing 20 C.F.R. § 404.1520c(d)).

The Court disagrees with the Commissioner's argument that an ALJ need not address nonmedical testimony at all under the new regulations.  The new regulations do not provide that an ALJ is not required to evaluate nonmedical testimony—rather, the ALJ is not required to evaluate nonmedical testimony, such as the one here, using the required factors for when an ALJ evaluates a medical opinion.  *See* § 404.1520c(c)(1)-(5).

However, the Court does agree with the Commissioner's argument that even if the ALJ may have erred by failing to explicitly reject the lay witness testimony, such error would be harmless.  *See* Dkt. 10 at 15.  When lay witness testimony includes similar limitations as the claimant's testimony, an "ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).  Here, Plaintiff's mother's testimony about Plaintiff's restrictions substantially mirrors—at times, even less severe than—the contents of Plaintiff's testimony.  AR 273–80.  Because the Court found that the ALJ properly rejected Plaintiff's testimony due to its inconsistency with objective medical evidence, it follows that this same reason is sufficient to properly reject the lay witness testimony.  *See Molina*, 674 F.3d at 1117.

  **C.**  **Medical Opinion Evidence**

Plaintiff contends the ALJ erred in rejecting the opinions of Dr. Elinor Jordan, Dr. Edward Case, and Dr. John Robinson.  Dkt. 9, at 8–9.

  **1.**  **Dr. Jordan and Dr. Case**

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

Both Dr. Jordan and Dr. Case completed a mental residual functional capacity assessment form prepared by Plaintiff's counsel.  AR 503–13.  Both opined that Plaintiff was at least markedly limited in her ability to maintain attention and concentration for extended periods, and extremely limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  *See* AR 505, 511.  Dr. Jordan also opined that based on her impairments, Plaintiff would miss 10 to 15 days of work each month. AR 508.

The ALJ rejected their opinions for several reasons, at least one of which was valid.  In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Court of Appeals held the regulations governing applications filed after March 27, 2017, supplant the hierarchy governing the weight an ALJ must give medical opinions and the requirement the ALJ provide specific and legitimate reasons to *reject a doctor's opinion*.  Under the new regulations, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors.  Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1).  Consistency means the extent to which a medical opinion is "consistent ... with the evidence from other medical sources and nonmedical sources in the claim." § 404.1520c(c)(2).  The ALJ's decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 404.920c(b), and must be supported by substantial evidence.  An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods*, 32 F.4th at 792.  The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each

doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

In this case, the ALJ reasonably discounted Dr. Case's and Dr. Jordan's opinions for being inconsistent with Plaintiff's "fairly minor" mental status examination findings. *See* AR 25. As discussed above, Dr. Case often observed Plaintiff as alert and oriented, with intact memory, cognitive processing, and normal attention and concentration. Dr. Case also consistently assessed Plaintiff's mental impairments as "improving" or "unchanged," that she would have "some" or "fair" responses to her medication, and that Plaintiff's condition would worsen due to Plaintiff's own changes in her medication dosages. Given these findings, the ALJ could reasonably find the medical opinions of both doctors inconsistent with medical evidence in Plaintiff's record. *See* 20 C.F.R. §§ 404.1520c(c)(1), (c)(2). Accordingly, the Court finds the ALJ did not err in rejecting the opinions of Dr. Jordan and Dr. Case.

As the ALJ has provided a valid reason, supported by substantial evidence, to reject the opinions of Dr. Jordan and Dr. Case, the Court does not need to further evaluate whether the ALJ erred in discounting their opinions for other reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 2. Dr. John Robinson

Dr. Robinson completed a mental residual functional capacity assessment for Plaintiff in February 2018 where he rated Plaintiff's ability to perform sustained work activities and then provided a narrative discussion to describe "how the evidence supports each of the ALJ's

conclusion." *See* AR 65–67.  In performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances, Dr. Robinson found Plaintiff moderately limited.  AR 66.  In the narrative discussion, he wrote, "clmts mental health limits reduce ability to maintain attendance on a sustained basis. clmt however is able to keep appointments."  AR 66.  As to the ability to interact appropriately with the general public, Dr. Robinson found Plaintiff also moderately limited.  AR 67.  In the narrative discussion, he wrote, "clmts mental health limits reduce ability to be in continual with the public and co-workers. If these contacts are kept brief and superficial clmt can persist."  *Id*.  Finally, as to Plaintiff's individual adaption limitations, Dr. Robinson wrote, "clmt mental health limits reduce ability to adapt to a highly competitive work environment. If given proper time and instruction clmt can adapt."  *Id*.

In this case, the ALJ properly rejected Dr. Robinson's opinion because it was "rather vague and does not provide an adequate description of [Plaintiff's] mental health functioning."  AR 24.  Dr. Robinson's narrative discussions generally state that Plaintiff's mental health impairments prevent her from basic work activities, but do not include any "supporting explanations" to support his opinions, as necessary under the new regulations.  *See* 20 C.F.R. § 404.1520c(c)(1).  The ALJ, therefore, could reasonably find Dr. Robinson's opinion lacking in supportability, and thus properly reject it.  Accordingly, the Court finds the ALJ did not err in rejecting Dr. Robinson's opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

ORDER AFFIRMING AND DISMISSING
THE CASE - 7

DATED this 18th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING AND DISMISSING
THE CASE - 8